IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:13-cr-115

MICHAEL ANTHONY RICHARDSON,
Petitioner.

## OPINION

Michael Anthony Richardson, a federal inmate proceeding with counsel, asks the Court to reconsider its decision to deny his 28 U.S.C. § 2255 motion, arguing that the Court wrongly considered attempted Hobbs Act robbery as the predicate "crime of violence" for his conviction under 18 U.S.C. § 924(c). Because Richardson has not presented any meritorious grounds to reconsider the Court's decision denying his § 2255 motion, the Court will deny his motion to alter or reconsider.[1]

## I. BACKGROUND

On July 9, 2013, a grand jury returned an indictment charging Richardson with attempted interference with commerce by robbery ("attempted Hobbs Act robbery"), in violation of 18 U.S.C. § 1951 (Count One); and use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). (Dk. No. 13.) The "crime of violence" underlying Count Two was attempted Hobbs Act robbery allegedly committed on January 12, 2013. Richardson pled guilty to both counts. On December 5, 2013, the Court sentenced Richardson to a total of 180 months imprisonment. (Dk. No. 26.)

---

[1] Because the Court will deny the motion on other grounds, it need not reach the issue of timeliness or procedural default.

On June 29, 2016, Richardson filed a motion challenging his conviction under 28 U.S.C. § 2255, arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his conviction under § 924(c). The Court held the motion in abeyance pending decisions from the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). In June, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis*, the Court denied Richardson's § 2255 motion. (Dk. Nos. 47, 48.) Richardson has now moved to alter or reconsider the Court's decision to deny Richardson's motion pursuant to Federal Rule of Civil Procedure 59(e).

## II. DISCUSSION

The Fourth Circuit "recognize[s] three grounds for amending an earlier judgment" under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."[2] *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Richardson contends that the Court improperly concluded that attempted Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A) ("the elements clause").[3]

First, neither *Davis* nor *Simms* constitutes an intervening change in controlling law. When the Court held that attempted Hobbs Act robbery qualifies as a "crime of violence" under the elements clause, it explained that "[t]he Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* [did] not alter that conclusion." (Dk. No. 47, at 5.) Thus, the Court

---

[2] The Court understands Richardson to seek relief under the first and third grounds.

[3] An underlying offense constitutes a crime of violence under the elements clause if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3).

2

considered the legal significance of *Davis* and *Simms* when it rendered its initial decision. *Cf. Huff v. Attorney Gen. of Va.*, No. 3:08cv257, 2009 WL 1160174, at *1 (E.D. Va. Apr. 28, 2009) ("Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").

Second, Richardson appears to argue that the Court has committed a clear error of law and, therefore, that its decision is manifestly unjust. Essentially, Richardson argues that attempted Hobbs Act robbery does not categorically qualify as a crime of violence because a court can convict a defendant of attempted Hobbs Act robbery without showing that the defendant used, attempted to use, or threatened to use violent physical force.[4] In multiple instances, however, this Court has concluded that attempted Hobbs Act robbery constitutes a crime of violence under the elements clause.[5] Although Richardson disagrees with the Court's ruling, he has not established that it amounts to a clear error of law or manifest injustice.

Nevertheless, whether attempted Hobbs Act robbery constitutes a "crime of violence" under the elements clause remains an open question. Indeed, the U.S. Court of Appeals for the Fourth Circuit recently granted a certificate of appealability on this issue. *See Taylor*, No. 19-7616

---

[4] *Cf. United States v. McFadden*, 739 F.2d 149, 152 (4th Cir. 1984) ("Various activities which may be considered a substantial step . . . include lying in wait, reconnoitering the place contemplated for the commission of the crime, possession of materials to be employed in the commission of the crime, and possession and collection of materials to be employed in the commission of the crime at or near the place contemplated for its commission, where such possession and collection serve no lawful purpose of the actor under the circumstances.").

[5] *See United States v. Taylor*, No. 3:08cr326-MHL, 2019 WL 4018340, at *4-5 (E.D. Va. Aug. 26, 2019), *appeal docketed*, No. 19-7616 (4th Cir. Oct. 31, 2019); *United States v. Brown*, No. 3:11cr63-HEH, 2019 WL 3451306, at *3 (E.D. Va. July 30, 2019); *United States v. Oliver*, No. 3:11cr63-HEH, 2019 WL 3453204, at *3 (E.D. Va. July 30, 2019); *United States v. Doyle*, No. 2:18cr177-RAJ, 2019 WL 3225705, at *4 (E.D. Va. July 17, 2019); *United States v. Smith*, No. 3:13cr141-JAG, 2019 WL 1810983, at *3 (E.D. Va. Apr. 24, 2019).

(4th Cir. Feb. 12, 2020) (granting certificate of appealability "on . . . whether attempted Hobbs Act robbery, 18 U.S.C. § 1951(a) (2018), categorically qualifies as a predicate crime of violence for purposes of § 924(c)"). Because "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)), the Court will grant a certificate of appealability.

### III. CONCLUSION

Because Richardson has not presented any meritorious reason to alter or amend the Court's decision to deny his § 2255 petition, the Court will deny his motion. The Court will grant a certificate of appealability.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 27 February 2020
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

4